Good morning, your honors. May it please the court. My name is Donald Charles Schwartz, and I represent the plaintiff appellate in this action. And preliminarily, I would like to say that my client, contrary to the ad hominem attack in the brief, has enjoyed a stellar career in the entertainment industry. He's worked with the likes of Clive Davis, Don Kirshner, Jeff Berry, Blo Jones on the She's a Lady album. He's written all of the Archie Funhouse TV songs, including the first pro-ecology song for children played on Mass Look TV, a song entitled Mr. Factory, played by the Archie's, and has written for the counselor. Frankly, I don't care about an ad hominem attack, so I think your client's a wonderful person. I'm not worried about that. What's worrying me is why the district court denied, or why you think the district court improperly denied the motion to remand. Well, I think the pink elephant in the room, so to speak, is that the federal trial court completely ignored it. Well, it's just that if I read SPARTA, which is a case you cite, it says the operative pleading controls the removal. When the pleadings were in front of the court on the removal, there was only one pleading, and it contained an express copyright infringement claim, which was automatically something that the federal court would have taken. Well, technically, there was a first amendment complaint. Well, technically, there was not a first amendment complaint, because nobody filed, nobody served any copy of it, any proof. Okay. Well, in the trial court record, was a state court order dismissing the first cause of action? Well, I'll just admit it. Again, I don't think that dismissal had any effect either, because it had never been served. Okay. If this court is going to rely on the interpretation of... If I'm looking at the federal law, I'm looking at 28 U.S.C. 1446A. Every one of those suggests that if you're not going to serve anybody, then I don't have any right to take it into consideration. Okay. The court order, the state court order, which long-standing U.S. Supreme Court and Ninth Circuit rulings have held, that the federal court takes the state court case as it is when it appears. Well, I understand that. As it is as it appears was it had an infringement claim. It had no amended claim because it was never served. It had the copyright infringement claim. It had no dismissal because it wasn't served. And now, here I am, still on the same boat. Okay. Well, no state court or federal court before or since has interpreted any of the California state law, including the rules of court 3.1390, to mean that if a dismissal of a cause of action of a party or of the entire complaint is not served on all defendants, that it has not been operative. If that is going to be the ruling here, then I can assure the court that there are millions of cases lurking in state court files. The California state court files ready to spring to life just dismissals for not serving. Mr. Sagan, I guess I'd have to find all this rule that you say I'm not amending because it seems to me from your argument, you're agreeing that you hadn't served the defendants with either the amended complaint or the dismissal, correct? They had not appeared in the action yet, and they appeared in the action within two weeks. Did you serve on any of them? They were served after the case was removed from the court. So then if it's after removed, then I guess I'm trying to figure out how your case law, either Jenkins or Sparta or Williams, would help you. Because the federal court takes the state court case as it sits. What case are you really citing here for that? Well, Jenkins-Sparta is pretty straight. The operative pleading controls removal. Post-removal amendments do not affect the removal analysis. Williams says post-removal amendments cannot affect what the case is removable. Jenkins says the extension of time request in the Lowery Court is still pending in the federal court. So if you had an extension of time, you'd have been able to do something, but we didn't find that. So I'm looking at all these cases, and I'm having a tough time understanding where you're going to take me. Well, the state court ordered that the first cause of action for federal copyright claims was dismissed. It ordered that all federal claims are dismissed. Within two weeks of that order, the case was removed. Then it was served. The state court ordered the removal of that cause of action after the case had been removed. That's not correct. The state court ordered the request for dismissal that's in the power request for judicial notice. The state court ordered the first cause of action, and the all federal causes of action dismissed from the case before it was removed. The federal trial judge here did not address that at all. He skipped over it. But case says that post-service actions by the plaintiff without notice to the defendants are irrelevant. There is no case. One way or the other. Just a minute. I agree. I disagree with that. Harris v. Baker, Life and Casualty, 2005 case from our court says the notice of removability under 1446B is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry. So if I look at those that are applicable, the dismissal is not applicable, not served. The amendment is not applicable, not served. So Harris says head on. The inquiry case is referred to factual inquiry, not the status of the case. It's a matter of laws. It sits in the state court. It's a matter of laws. What's your best case for this? Well, the best case would be the Jenkins. The Jenkins case. Granny Goose. Do you want an extension of time? Well, the language of Granny Goose referring to Duncan v. Kagan. We'll close up. I'm trying to get your best case. Would be in Jenkins at page 195. Okay. The law in standing principle. The case in the federal court. 195. Takes the case. That is 85-3-791. 95-3-791 at page 195. It can't be if it starts at 791. Correct. It starts at 791 and at page 795. Oh, 795, not 195. Excuse me. States that going back to the 1880s, the law in standing rule, as recognized by this court, the U.S. Supreme Court, is that this federal court takes the state court case where the state court left off. The state court in this case ordered the federal copyright claim dismissed and all federal causes of action. Okay. How do you get the way of something that you'll get to the complaint? From the res judicata effect of the dismissal of the first act. You don't get to the res judicata motion unless you get past the predicate motion to dismiss a jurisdictional issue. This case is based entirely on new facts. As stated, the defendants here, arguably in collaboration with the facts, simply because you changed copyright infringement to a new allegation of the same actions. The California law provides for the, in the entertainment industry, an implied contract, which is what this case solely is about, the state court implied contract. I'm asking either Capeson, sir, or Inwood, isn't the gravamen of the complaint still the conversion of copyrighted materials? No. The gravamen of this complaint is the violation of an implied contract under California law and protections, specifically California protections. Is it new theory based on the same facts which were tried in the first action? No. There's entirely new set of facts, which involves a specific excision of a thumbprint scenario of a televised version of the Terminator movie where they took out a scene involving the existence or nonexistence of music on birth, which was one of the subplots within my client's materials as a televised version. They took that out, and then when my client started inquiring about it, they put it back in 30 days later in a televised version. Very suspicious. That was the focal point of the facts leading up to this, to the extent that it was a very unusual fact in the face of the monster Terminator concept that music was missing or had been eliminated from the human species. The very unusual subplot which was in the original Terminator, then they removed it after all the litigation. Then after my client inquired about it, they put it back in, and that was the last act in the conspiracy which re-triggered all the state statutes. So it wasn't the same conspiracy, except you had to further act after the litigation. There's no ñ it wasn't really a conspiracy. It was a previous litigation. By the way, in the first case, there's no reason to count it as fact because the same federal trial judge is here throughout. Despite assurances to my client that if he hired an attorney, then you could be allowed to introduce all his expert evidence. The judge threw out all the expert evidence, then it rolled on the summary judgment motion. Therefore, there cannot be a risk to the count of fact because all the evidence was not heard. The second case ñ The question is whether there's a final and valid judgment. Wasn't there a final and valid judgment in the first case regardless of what was arrived at?  It was appealed. It was appealed, and this court rejected the appeal because there was a claim that it was 150 words or something over the word-numerosity limit, and that therefore invoked an inquiry as to what is a word versus what is a number. And this court apparently threw the court's office, I'm sorry not to interrupt you, because you're way over your time. And we've taken you there by other questioning, but we do have to follow the calendar. So thank you very much. Thank you very much. My name is Christopher. Charles Shepard. Before deciding to choose anyone, I'm going to be splitting my time between the counsels in the case of the issue of whether service was required. My issue with this may ask you something. If California court dismissed the action regardless whether the service of the request for dismissal was served on your opponent, and if that order were entered, isn't that a ruling by the California court that service is not really required? I don't believe so, Your Honor. First of all, California Rule of Court 3.1390 provides expressly that request for dismissal, must be served on your opponent. The California Superior Court entered an order of dismissal of the case without an affidavit of service on you, on your client. So it may be an error by the California Supreme Superior Court, which was not appealed as a final adjustment. Isn't that a ruling that the California courts do not interpret this rule of court as requiring service? I can't comment on that. All I know is that for purposes of analyzing removal, we have to look at what was served on the parties. It is clear from the federal removal statutes itself. If you look at the removal statutes, 1446A, 28 U.S.C., Section 14416, it's saying notice of removal must reference all process, pleading, and orders served on the defendants. That suggests that when you're looking at the proprietary removal, you have to look at what the defendants have before them, what they received. And that's consistent, I think, with what the court said in Harris v. Baker's life, which is what should have been referenced, which is that there's no duty of the informant. If we get past that issue, can we really say that the gravamunda of this same complaint is still a conversion of the copyrighted materials that Gibbs issued? I was going to have my co-colleague on the stand. He was talking about it. He was a little dissimilar to me, and we're going to understand too much of this later. It's basically a class conversion. It's a conversion claim. It's basically what the management claim says. The so-called state court claims. The implied contrary claims. Basically, you're converting my materials. Can I Google issue it? Your argument is that the week is controlled by federal law. Nobody's state law, regardless of what happened in the state. Well, what our position is, is this, that the case was properly resolved under federal law. Under federal law, of course, based upon the existence of the express copyright claim, which, of course, the federal court has exclusive jurisdiction. If you accept the argument which the plaintiff's causes, then you should disregard the express copyright claim or secondary argument is in an alternative argument. And what you're going to have to reach, what my colleague is going to address, is that the remaining claim is fluid express copyright. The remaining claim is really just a disguised copyright claim, and here will be an implied contrary claim. He calls it an abbreviation of implied contrary. Excuse me? He calls it an abbreviation of implied contrary. That's what he calls it. Look, if you're not going to argue a case, why don't we hear from the person who can argue it? Okay, in that particular case, I will, but just let me move on, so I just want to... I don't have a moment of relevance, but let me go back to the expense of the... You looked to, I mean, California law and federal law. I think we were pretty well informed, and I defer to my colleague who's going to address this, because I think he has reasons that you're going to disagree. Before I do, before I do, I just want to make one preliminary point. I'm not going to be mad at you, Steve, and he's not going to be mad at you. We've got a great relationship. But I just think it's important to recognize that the copyright claim and the implied contrary claim were already adjudicated at first in this case. At several points in this brief, he says the implied contrary claim was never adjudicated. That's flat-out wrong. It was. It was dismissed on 12 December, and it's straightforward. It was adjudicated in fact, Judge White, when he granted us attorney's fees at the first hearing, called it a treacherous and unfriendly company. Thank you. Thank you, Judge. Good morning, Your Honors. I'm Bruce Isaacs. I'm Dave's attorney, Jermaine. I represent Kaylee and Herd. Just to jump right to it is... I agree with Mr. Shepard's position on the removal issues. My point was that even if you looked at the unserved First Amendment complaint as the operative pleading with, I don't think you should do, but even if you did that, that complaint, you have to look at the substance of the complaint, not what it's called, not what it's labeled. And it's just talked through and through with allegations of conversion of intellectual property. And we cited this case called Cito in our brief. And Cito, ironically, was a Judge White decision. And in that case, he ruled that the substance of an allegation alleging that intellectual property was converted is, in essence, a copyright claim. So the point is, is that even if you look at this First Amendment complaint as the operative complaint, removal would have been proper, and res judicata would apply. And the two rules that we're also really talking about in order for res judicata to apply, we have to have an identity of the claims, final judgment on the merits, and privity. And it seems to me the only thing we're really talking here is the identity of the claims, right? Yes, but let me just... I mean, because he kind of... Final judgment on the merits. There is a privity between the parties. So I guess we're really talking about identity. So let me talk about identity real quick, and let me just echo what Mr. Shepard said. This is 100% true. It is not correct for anybody to stand up here and say, this is a new theory. This is a breach to implying fact contract case. This is a Desney v. Wilder case. It never was before. It was a Desney v. Wilder case. It was a 90-submission case. Well, I think... Sorry. I'm really getting to it without interrupting too much. If I read identity of the claims in our case law, or precedent about that, that identity of claims is when multiple claims arising out of or involving the same claim or cause of action are the same identity claims. If they arise out of the same transactional nucleus of facts, right? Correct. And it's the same... It seems to me that's what we have to concentrate on. Are they the same transactional nucleus, right? Yes. It is the same. This fact is the same story we've been hearing since 2001. There was one difference, wasn't there, in this new plight in that eligious, that there were changes in the television version of Terminator Salvation? First of all, that was alleged before in the first case, and it was briefed in the summary judgments. But the issue has always been confusing to us because, as we understand it, what he's saying is that the fact is that they somehow edited a television show I don't even know if that's true, by the way, and made it less like his alleged work, and therefore further from an alleged copyright infringement or an idea submission claim. Well, did District Judge make any findings concerning that issue? I don't recall him... He made a lot of findings, and he... And I just want to... Not specific on that point, as I recall, but I wanted to say Judge White was incredibly patient and careful. This case was not at fault or anything. There was a first amendment complaint, a first amendment complaint, a second amendment complaint, a third amendment complaint. There were summary judgment motions. There were motions to dismiss. There were expert testimony. He gave Mr. Goldberg every opportunity to litigate his case fully, and we ultimately prevailed in these 12 years. And the whole point of the same operative set of facts and the whole point of res judicata is, at some point, at some point, we have to be done. At some point, there has to be closure. There has to be finality. There has to be certainty where the system perfectly breaks down and we're way past that point. Thank you, Your Honor. Thank you, Your Honor. Thank you. I just want to say, again, in answer to the question, which was to the best of my knowledge, and calling the remarks more bright and warm, I'm sorry for those details. In the proceedings below, a claim for implied contract was submitted, and Judge White expressly addressed that claim, and he ruled that in a claim for breach of implied contract, the statute of limitations runs from the time that the court that is allegedly infringing is first presented to the public. So, with respect to Terminator 1, the breach of implied contract claim ran two years after the release of the picture in case of Terminator 2. The breach of implied contract claim expired per the statute of limitations two years after, and that motion picture was first released. With respect to Terminator 3, same analysis, and with respect to Terminator 4, the picture, which is now clean and somehow free, because a piece of material was removed from the film, but even if I did understand it, the breach of implied contract claim would have run and expired two years after the initial release of that film, as expressedly in the decision that Judge White made. And those decisions were appealed to us.  And we have heard. We have heard, indeed. And, in fact, this is a way for the appeals justice to continue to proceed to the level of force, which, in fact, we have heard over the years. And that's what we're doing. This is now the third lawsuit, and it's been called by this court concerning the Supreme Court. And I'm very sure it's taking much more time. I think the case of Goldberg versus Cameron, I haven't heard of a case of that. So, in the next case, let me count the current cases. Which is three versus three.
judges: Bea, N.R. Smith, Robreno